UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. IVANNE VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>    Defendants. | Case No. 15-cv-00330-JCS<br><br>**REPORT AND RECOMMENDATION REGARDING VENUE AND SUFFICIENCY OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

## I. INTRODUCTION

Plaintiff R. Ivanne Vazquez,[1] pro se, alleges that the California Highway Patrol ("CHP") and Sutter County Sheriff's Department[2] wrongfully stopped and arrested him, caused his van to be towed, and failed to return property confiscated while Vazquez was in jail. Using language suggesting a "sovereign citizen" anti-government philosophy, Vazquez suggests that the state of California cannot require him to have a license plate or driver's license while operating a motor vehicle on a public highway. Having previously granted Vazquez's application to proceed in forma pauperis, the undersigned now reviews the sufficiency of Vazquez's Complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the undersigned recommends that Vazquez's claims against the CHP be DISMISSED, and that the remainder of the case be TRANSFERRED to the United States District Court for the Eastern District of California to cure improper venue in

---

[1] Plaintiff is occasionally also referenced in the Complaint and its supporting documents as Raul or Ivan Vazquez.
[2] Vazquez's Complaint names as a defendant and includes various references to the "Sutter County Sheriffs," as wells as references to the "Sutter County Sheriff" or just "the Sheriffs." The undersigned construes such references as indicating the Sutter County Sheriff's Department as an agency. If Vazquez wishes to name individual officers of that agency as defendants he may amend his Complaint to do so. However, unless Vazquez opposes transfer of this case to the Eastern District of California, he may wish to wait until after the case has been transferred to file an amended complaint.

this Court.

Vazquez declined consent to the jurisdiction of the undersigned magistrate judge. This case will therefore be reassigned to a United States district judge for further proceedings. If Vazquez wishes to file any objection to these recommendations, he must do so **no later than fourteen days after being served with a copy of this Report**.

## II.     THE COMPLAINT[3]

On the night of January 1, 2015, while traveling south on California State Route 99, Vazquez was "pulled over by what looked like a Police Vehicle." Compl. (dkt. 1) at 1.[4] CHP Officer Gordon approached Vazquez and stated that Vazquez "had no plates on [his] van." Compl. at 1−2. Vazquez told Gordon "the van was mine and not the State's," apparently in the belief that his ownership of the van excused any requirement to display license plates. Compl. at 2. When Gordon requested Vazquez's driver's license, insurance, and registration, Vazquez gave him his "affidavit of facts" and "private identification." Compl. at 2 & Ex. A. Vazquez told Gordon that he "did not wish to contract with him or his agency with any statute whatsoever that night." Compl. at 2. After more than twenty minutes, Gordon gave Vazquez a traffic ticket listing four charges, which Vazquez characterizes as "frivolous," including that he "did not have a valid license, no proof insurance and expired registration." Compl. at 2 & Ex. B. According to Vazquez, these charges are frivolous because Gordon had no basis "to assume that [Vazquez] even had a license or any other document other than what [he] gave him." Compl. at 2. After Gordon issued Vazquez the ticket, in Vazquez's words: "He told me not to drive anymore; I told him I was not driving but traveling." Compl. at 2.

Vazquez remained where he was "for several minutes" taking notes of his interaction with Gordon, called a customer to cancel an appointment to unlock a car, and "then proceeded home."

---

[3] The factual allegations (although not the legal conclusions) of Vazquez's Complaint are taken as true for the purpose of determining its sufficiency under 28 U.S.C. § 1915.
[4] Vazquez's Complaint includes two parts: a template from the Justice and Diversity Center that he has completed, and an attached narrative complaint. Only the first part has numbered paragraphs and only the second part has numbered pages. This Report therefore cites the first part by its paragraph numbers (indicated herein by the ¶ symbol) and the second part by its page numbers.

1  Compl. at 2.  Gordon pulled Vazquez over again, removed him from the van, and told him that he
2  was "under citizen arrest."  Compl. at 2.  Gordon then took Vazquez to county jail, despite
3  Vazquez's request to see a "Judicial Officer."  Compl. at 2.  Vazquez's arguments related to his
4  arrest primarily contend that California has impermissibly transformed the constitutional right to
5  travel into a regulated privilege by requiring motor vehicle operators to be licensed and insured, to
6  register their vehicles, and to display license plates.  *See* Compl. at 2−5.

7  The Sutter County Sheriff's Department held Vazquez in county jail until "around 0112
8  hours" in the morning of January 2, 2015.  Compl. at 5.  During his detention, Vazquez was
9  searched, fingerprinted, and photographed without consent, and his belongings were held by the
10  Sheriff's Department.  Compl. at 5.  Vazquez alleges that when he was released, he was given a
11  check for $199, even though he had "at least 200.00 in twenties" as well as "15 -+ [sic] one dollar
12  bills."  Compl. at 5 & Ex. F.  Vazquez also objects to being released in the early morning "with no
13  money and no one to call," and thus forced to walk for forty-five minutes in near-freezing
14  temperatures to get home.  Compl. at 5.  Vazquez purports to bring a claim against the Sheriff's
15  Department for "violation of Oath of Office, charter, and violation of human unalienable rights
16  and having failed to defend the United States Constitution against all enemies both foreign and
17  domestic," as well as violation of various provisions of the California constitution.  Compl. at 6.

18  The Complaint and supporting documents—specifically, the documents Vazquez provided
19  to Gordon during the first traffic stop and the letters he sent to various parties following his arrest
20  and detention—include language typical of an anti-government philosophy commonly referred to
21  as the "sovereign citizen" movement.  *See, e.g.*, Compl. Ex. A at 2 ("Please, be informed that this
22  Traveler is a 'Secured Party creditor' First Class Private <u>Sovereign American</u>, and <u>NOT</u> a Second
23  Class Public '<u>Federal US citizen</u>', and, as such, has served your Administrative Agency, 'Lawful
24  Public Notice' of his '<u>Secured Party Status</u>' in the Community."); *see generally United States v.*
25  *Mitchell*, 405 F. Supp. 2d 602 (D. Md. 2005) (summarizing this philosophy).  Such arguments
26  generally contend that most if not all of the state and federal government, statutory structure, and
27  legal system is invalid or illegitimate, or at least that individuals can essentially opt out of the rules
28  of society through convoluted legalistic loopholes.  As far as the undersigned is aware, no court to

3

consider these arguments has found any merit in them whatsoever.

## III. ANALYSIS

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. A district court may raise the issue of venue on its own motion. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (affirming *sua sponte* dismissal for improper venue). When a court reviews the sufficiency of a complaint pursuant to 28 U.S.C. § 1915, the court may dismiss the case if venue is improper. *See, e.g.*, *Monaghan v. Fiddler*, No. C 11-3278 CW, 2011 WL 4984710, at *1 (N.D. Cal. Oct. 19, 2011); *Cervantes v. DHS: CPS*, No. 11-CV-782-IEG (JMA), 2011 WL 1542511, at *3 (S.D. Cal. Apr. 20, 2011).

In the federal courts, there are three ways in which venue can be established. Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In other words, a plaintiff generally must file his or her complaint either in the *defendants'* home district or in the district where events at issue happened.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must

"construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

**B.     Defendant California Highway Patrol Is Immune from Suit**

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). Although the explicit language of the Eleventh Amendment addresses only suits by out-of-state plaintiffs, a state's sovereign immunity also bars "a suit brought by a citizen against his own State." *Pennhust State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). This immunity applies to state agencies as well as the states themselves. *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397 (1992).

As an instrumentality of the state of California, the CHP is absolutely immune from suit in federal court. *Vierria v. Cal. Highway Patrol*, 664 F. Supp. 2d 1219, 1248 (N.D. Cal. 2009) (granting "CHP's motion to dismiss all claims against it on the basis of Eleventh Amendment immunity"); *Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131, 1142−43 (N.D. Cal. 2000) (same, except as to California Government Code discrimination claims for which sovereign immunity was waived); *Guzman v. Van Demark*, 651 F. Supp. 1180, 1183 (C.D. Cal. 1987) ("It is beyond question that this court lacks the power to adjudicate plaintiffs claims against the State and its agency, the CHP."); *see also Catsouras v. Dep't of Cal. Highway Patrol*, 181 Cal. App. 4th 856, 892 (2010) (holding that "the CHP is absolutely immune from liability under [42 U.S.C. §] 1983"). The undersigned therefore recommends that Vazquez's claims against the CHP be DISMISSED without leave to amend, except that Vazquez may request leave to reinstate his claims against the CHP if (and only if) he can show that California has waived its Eleventh

Amendment immunity as to this action or that such immunity has been abrogated by Congress.[5]

### C. Venue Is Improper in This District for Vazquez's Remaining Claims

Where a plaintiff has "not stated a cause of action against [a certain defendant named in the complaint], nor could he do so . . . the Court must analyze whether venue is proper without considering [that] defendant." *Ervin v. Judicial Council*, No. C 06-7479 CW, 2007 WL 1489255, at *3 (N.D. Cal. May 18, 2007). In this case, the undersigned therefore analyzes whether venue is proper without considering the CHP as a defendant.

Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The only remaining defendant is the Sutter County Sheriff's Department, which is located in Sutter County, in the *Eastern* District of California. Section 1391(b)(1) therefore provides no basis for venue here in the Northern District of California.

Section 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The Complaint does not allege that any conduct at issue occurred, or that any property at issue is located, within the Northern District of California. Instead, the Complaint concerns a traffic stop on California State Route 99—which, the undersigned notes, does not pass through this district—and detention by the Sutter County Sheriff's Department, apparently within Sutter County. Section 1391(b)(2) therefore also provides no basis for venue in this district.

Section 1391(b)(3) is a fallback provision for cases where "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). It does not apply here because

---

[5] Courts have recognized "a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities." *Rounds v. Or. State Bd. of Higher Ed.*, 166 F.3d 1032, 1036 (9th Cir. 1999) (summarizing *Ex Parte Young*, 209 U.S. 123 (1908)). Even to the extent that Vazquez's Complaint can be construed as seeking declaratory or injunctive relief, that exception does not apply here because the CHP is a state agency, not a state official. Just as "the *Young* doctrine permitting suit for injunctive relief against officials of the state does not permit suit against the state itself," *Doe v. Arizona*, 240 F. App'x 241, 243 (9th Cir. 2007), the Court is aware of no authority permitting such suits against state *agencies* as opposed to state *officials*.

Vazquez's allegations show that venue would be proper in the United States District Court for the Eastern District of California pursuant to § 1391(b)(1) as the district where the remaining defendant resides, and also pursuant to § 1391(b)(2) as the district where a substantial part of the relevant events occurred.

Vazquez's Complaint states that venue is appropriate in this Court because it is "closer to home." Compl. ¶ 3. Based on the address provided in the Complaint, the Eastern District of California's courthouse in Sacramento is significantly closer than this Court to Vazquez's home in Yuba City. Moreover, the applicable federal statute does not recognize proximity to the plaintiff's home as a basis for venue. *See* 28 U.S.C. § 1391. Because this district does not meet any of the criteria of § 1391(b), venue is improper, and Vazquez cannot prosecute this action in this Court.

Where venue is improper, the Court may transfer a case to a proper venue, rather than dismiss, "if it be in the interest of justice." 28 U.S.C. § 1406(a). Here, it appears that Vazquez might not have been aware of the Eastern District of California as an option for filing this action: the portion of his Complaint addressing venue states that he chose this Court because it is "closer to home," but the Eastern District is in fact closer. *See* Compl. ¶ 3. The alternative to transfer—dismissing this case and requiring Vazquez to file a new claim in the Eastern District—might be burdensome for Vazquez, who is indigent and unrepresented. Transferring the case to the Eastern District also would not prejudice any other party, as no defendant has yet been served or appeared, and the Sutter County Sheriff's Department (the only remaining defendant after dismissal of claims against the CHP) is located in the Eastern District relatively close to Sacramento. The undersigned therefore recommends that the Court TRANSFER this case to the United States District Court for the Eastern District of California for all further proceedings. The undersigned recommends that this Court decline to reach a more substantive review of the Complaint, reserving the question of whether it should be served on the Sutter County Sheriff's Department for a judge of the Eastern District to determine after reassignment.

**IV.     CONCLUSION**

For the reasons stated above, the undersigned recommends that Vazquez's claims against the CHP be DISMISSED without leave to amend, and that the case be TRANSFERRED to the

7

United States District Court for the Eastern District of California for further proceedings. Because Vazquez declined to consent to magistrate judge jurisdiction, this case will be reassigned to a United States district judge of this Court for a decision on these recommendations. If Vazquez objects to the recommendations above, he may file objections **no later than fourteen days after he is served with a copy of this Report**.

Dated: March 2, 2015

JOSEPH C. SPERO
Chief Magistrate Judge

8