UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. INVANNE VAZQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:15-cv-756-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff originally filed this action in the United States District Court for the Northern District of California, alleging claims against the California Highway Patrol and Sutter County Sheriff's Department. *See* ECF Nos. 1, 7. That court granted plaintiff's application to proceed *in forma pauperis*, dismissed the claims against the California Highway Patrol without leave to amend. The remainder of the claims were transferred to this district to cure improper venue in the Northern District. ECF No. 7, 11. Those claims are now before the court for screening.

    Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim a claim against the Sutter County Sherriff's Department and therefore must be dismissed.

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

2

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint alleges that on January 1, 2015, while travelling southbound on California State Route 99, plaintiff was "pulled over by what looked like a Police Vehicle." Compl., ECF No. 1 at 5. A California Highway Patrol officer approached plaintiff and stated that the van plaintiff was driving did not have license plates. *Id*. at 6. Plaintiff responded that "the van was mine and not the State's." *Id*. The officer then asked plaintiff for his license, insurance, and registration. *Id*. Instead of a driver's license plaintiff presented his "affidavit of facts" and his "private identification." *Id*. He told the officer that he "did not wish to contract with him or his agency with any statute whatsoever that night." *Id*. The officer issued plaintiff a traffic ticket that contained four charges, including "not hav[ing] a valid license, no proof of insurance and expired registration." *Id*. Plaintiff claims that the charges were frivolous because the officer had no basis "to assume that [plaintiff] even had a license or any other document other than what [he] gave him." *Id*. The officer then told plaintiff not to drive anymore, to which plaintiff responded, "I was not driving but traveling." *Id*.

After receiving the citation, plaintiff remained where he was for several minutes to take notes of the incident. *Id*. After calling a customer to cancel an appointment to unlock a car, plaintiff resumed driving and proceeded toward his home. *Id*. The same officer again pulled plaintiff over, removed him from the van, and told plaintiff he was under arrest. *Id*. Plaintiff was transported to the Sutter County jail, despite his requests to be taken "before a Judicial Officer of competent jurisdiction to clarify the matter." *Id*. Plaintiff contends that he was wrongfully arrested, arguing that California has impermissibly infringed on his constitutional right to travel by requiring motor vehicle operators to be licensed and insured, to register their vehicles, and to display license plates. *Id*. at 6-9.

/////

The complaint alleges that the Sutter County Sheriff's Department held plaintiff in jail until the next morning, January 2, 2015.  Plaintiff complains that while he was in jail he was searched, fingerprinted, and photographed, and deprived of his belongings without his consent. *Id*. at 9.  He claims that when he was released, he was given a check for $199, even though when he was arrested he had "at least 200.00 in twenties [and] . . . over 15-+ [sic] one dollar bills." *Id*. He further claims that he was released in the early morning "with no money and no one to call," and had to walk forty-five minutes in near-freezing temperatures to get home. *Id*.  The complaint purports to assert claims against the Sutter County Sherriff's Department for "violation of Oath of Office, charter, and violation of human unalienable rights and having failed to defend the United States Constitution against all enemies both foreign and domestic," as well as violations of California's constitution. *Id*. at 10.

The complaint fails to allege facts that, if true, assert a cognizable claim.  Instead, it and its appended documents, assert a rambling narrative of an anti-government "sovereign citizen" philosophy disclaiming any authority by the State of California to require a license to drive or require vehicle registration or liability insurance. *See, e.g.*, *id*. Ex. A ¶ 6 ("I am NOT a 14th Amendment legal 'person' engaged in interstate commerce . . . ." and "I am NOT a resident 'U.S. citizen,' but a National of the several States domiciled in the sovereign state of California . . . ."), and ¶ 7 ("I have determined … by virtue of my declared sovereignty that I am NOT required to have government permission to travel, NOT required to have a driver's license, NOT required to have vehicle registration . . . ."),  Ex. B at 2 ("Please, be informed that this Traveler is a 'Secured Party creditor' First Class Private Sovereign American, and NOT a Second Class Public 'Federal US citizen', and, as such, has served your Administrative Agency, 'Lawful Public Notice' of his 'Secured Party Status' in the community.").  Adherents to this "sovereign citizen" philosophy typically "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *United States v. Alexio*, 2015 WL 4069160, at *2 (D. Haw. July 2, 2015) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)); *see generally United States v. Mitchell*, 405 F. Supp. 2d 602 (D. Md. 2005) (summarizing this philosophy).

4

1    Plaintiff's claim against the defendant Sutter County Sherriff's Department, which
2 appears to be brought under 42 U.S.C. § 1983 for claimed violation of his constitutional rights,
3 fails as a matter of law.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
4 essential elements: (1) that a right secured by the Constitution or laws of the United States was
5 violated, and (2) that the alleged violation was committed by a person acting under the color of
6 state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Further, a municipal entity or its departments
7 (such as a county, a county jail, or a county employee acting in an official capacity) is liable
8 under section 1983 only if a plaintiff shows that his constitutional injury was caused by
9 employees acting pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist.*
10 *Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436
11 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).
12 In addition, such local government entities may not be held vicariously liable under section 1983
13 for the unconstitutional acts of its employees under a theory of respondeat superior.  *See Board of*
14 *Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).  That is, a plaintiff may not sue any defendant
15 on the theory that the defendant is automatically liable for the alleged misconduct of subordinate
16 officers.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

17    Plaintiff's factual allegations are too vague and conclusory to state a section 1983 claim
18 against the Sutter County Sherriff's Department.  Although plaintiff purports to assert claims
19 against defendant for "violation of Oath of Office, charter, and violation of human unalienable
20 rights and having failed to defend the United States Constitution against all enemies both foreign
21 and domestic," he does not identify a specific constitutional provision that defendant allegedly
22 violated.  *Id*. at 10.  Furthermore, the complaint is devoid of any factually allegations indicating
23 that any alleged deprivation of his rights was based on a policy or practice.  Accordingly, plaintiff
24 has failed to allege sufficient allegations to state a claim under section 1983.

25    Moreover, plaintiff's claims are premised on his belief that he is a "sovereign citizen"
26 and therefore is somehow not subject to the same laws as all other citizens of this country.  Plaintiff's
27 theory is clearly frivolous and cannot support his request for relief.  *See Alexio*, 215 WL 4069160,
28 at*2-4 (compiling cases rejecting "sovereign citizens" theories for being frivolous, irrational, and

unintelligible). Accordingly, plaintiff's complaint must be dismissed without leave to amend. *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, it is hereby RECOMMENDED that plaintiff's complaint (ECF No. 1) be dismissed without leave to amend for failure to state a claim upon which relief may be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 19, 2016.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE